UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MATTHEW SAWYER,

       Plaintiff,

v.              Case No. 18-cv-1843-wed-pp

DAVID BASTIANELLI, EMILY TRIGG,
TONI YOUNG, BRITTANY SPENCER,
DAWN M. SMITH, A. PARENTEAN,
CATHY A. JESS, JUDY SMITH, and
THE DEPARTMENT OF CORRECTIONS,

       Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)
AND SCREENING HIS COMPLAINT (DKT. NO. 1)**

---

  The plaintiff, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The Prison Litigation Reform Act (PLRA) applies to this case because, although not currently in custody, the plaintiff was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints filed by prisoners to confirm that they are not legally "frivolous or malicious" and they state a claim upon which relief may be granted. 28 U.S.C. §1915A(b).

  This case currently is assigned to Magistrate Judge William Duffin. Until now, the court has not screened the complaint to determine whether it should be served on the defendants, so the defendants have not yet had the opportunity to decide whether to consent to a magistrate judge hearing and

deciding the case. Because *both* parties have not yet consented to Judge Duffin deciding the case, the clerk's office referred the case to this district judge to screen the complaint. The court will explain what claims the plaintiff has stated against which defendants, and then it will return the case to Judge Duffin for further proceedings.

### I. Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 3)

The PLRA allows a court to give a plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). On November 27, 2018, Judge Duffin ordered the plaintiff to pay an initial partial filing fee of $1.17. Dkt. No. 6. The court received that partial fee on January 2, 2019. The court will grant the plaintiff's motion to proceed without prepayment of the filing fee. The plaintiff must pay the remainder of the $350 filing fee over time as he is able.

### II. Screening the Plaintiff's Complaint

Under the PLRA, a court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that 1) he someone deprived him of a right secured by the Constitution or laws of the United States; and 2) whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    A.    The Plaintiff's Allegations

The plaintiff explains that on April 17, 2018, defendant Kenosha County Circuit Judge David Bastianelli sentenced him to eighteen months in prison followed by twenty-four months of extended supervision. Dkt. No. 1 at 2. Judge Bastianelli also ordered that 303 days be credited to the plaintiff's prison term based on days he had served at the county jail. Id. The plaintiff alleges that this credit left him with 241 days to serve in prison. Id.

The plaintiff asserts that, while he was being sentenced, he argued that he was owed an additional 203 days for days he served while on parole holds. Id. Although it's not entirely clear to the court how he arrived at the 203-day total, he explains that he was on parole holds from October 14, 2016 through February 3, 2017 (113 days) and from June 2, 2017 through September 10,

3

2017 (131 days). Id. He also explains that he was sentenced to three years withheld probation on October 13, 2016, to run concurrent with the three-year parole term. Id. According to the plaintiff, Wis. Stat. §973.155 clearly states that any time that applies to his parole also applies to his probation. Id. at 2.

The plaintiff alleges that he informed his attorney, defendant Toni Young, that he was entitled to additional days of credit, but that she told him not to speak. Id. at 4. He alleges that she was "ineffective at best" and just wanted to get the case over with. He also alleges that defendant district attorney Emily Trigg stated during his sentencing that he had earned 303 days of jail credit, meaning "she believed [he] did not have the 203 days coming toward [his] sentence." Id.

The plaintiff alleges that his parole officer, defendant Brittany Spencer, "refused to give [him] the days [he] had coming because she had washed her hands [of] the issue once the records office at Dodge Corr. Inst. informed her of the time they thought [he] should get." Id. The plaintiff explains that defendant A. Parentean runs the records office at Dodge Correctional Institution, and that she is the one who informed Spencer of "the days [he] had coming to [him.]" Id.

The plaintiff asserts that he filed a motion with the Kenosha County Circuit Court, asking it to review his sentence, but he received a letter from Judge Bastianelli's clerk, defendant Dawn Smith, informing him that Judge Bastianelli was denying his request. Id.

The plaintiff explains that on October 11, 2018, he received a three-page letter from Sue Duel (who is not a defendant), the Corrections Sentencing

4

Associate. Id. at 6. She explained that she had received a new revocation order and warrant, which granted the plaintiff 113 days of additional credit. Id.; see Dkt. No. 1-1 at 26-27. The same day Duel received the amended revocation order, she mailed a letter to Judge Bastianelli, informing him that she believed the plaintiff was entitled to 405 days of credit. Dkt. No. 1-1 at 26. According to the Wisconsin Circuit Court Access website, Judge Bastianelli signed the letter the day after he received it to indicate that he had looked at it. See wcca.wicourts.gov, Case No. 2016CF822 (Kenosha County Circuit Court) (last visited January 15, 2019). On November 20, 2018, Judge Bastianelli amended the plaintiff's judgment of conviction to reflect a credit of 506 days. Id.

As noted, the plaintiff is no longer incarcerated; however, as of the day he prepared his complaint (November 16, 2018), he believed he was 147 days past what should have been his release date. Id. at 5. According to the DOC's on-line inmate locator, the plaintiff was released on extended supervision on November 21, 2018, the day after Judge Bastianelli amended the plaintiff's judgment of conviction. See https://appsdoc.wi.gov/lop/ (last visited January 15, 2019).

The plaintiff asks that he be released from prison immediately; that request is moot given that he has already been released. He also seeks monetary damages.

      B.    The Court's Analysis

"Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference."

5

Figgs v. Dawson, 829 F.3d 895, 902 (7th Cir. 2016). To state a deliberate-indifference claim, a plaintiff must allege more than negligence; he must allege that the defendant ignored a known risk. Id. (citations omitted). "A state officer is deliberately indifferent when he does nothing, or when he takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred." Id. (internal citations omitted).

The court will allow the plaintiff to proceed with a deliberate-indifference claim against Parentean based on his allegations that she failed to investigate his complaints that he had not been fully credited the days he had already served. Although the documents the plaintiff attaches to his complaint indicate that Parentean instructed the plaintiff to contact either his parole agent or the court, dkt. no. 1-1 at 8, 11, 16, it is not clear, at this stage, whether Parentean's refusal to independently verify the accuracy of the plaintiff's sentence was appropriate given the risk of harm the plaintiff faced. See Figgs, 829 F.3d at 904-05. Construing all reasonable inferences in the plaintiff's favor, which the court must at this stage, the court finds that he states a claim against Parentean.

The court also will allow the plaintiff to proceed on a deliberate-indifference claim against Spencer, his parole officer. As noted, Parentean told the plaintiff to follow up with his parole officer if he believed the credit calculation was incorrect. The plaintiff alleges that Spencer "washed her hands" of the issue after talking to the records office at Dodge, suggesting that

6

she failed to investigate the plaintiff's concerns. This is sufficient, at this early stage, for the plaintiff to proceed on a deliberate indifference claim.

Individuals have a constitutionally-protected liberty interest in being released on time, conssistent with their sentence and other relevant laws. See Toney-El v. Fanzen, 777 F.2d 1224, 1226 (7th Cir. 1985); Figgs, 829 F.3d at 906 (7th Cir. 2016). When, as here, a plaintiff challenges mistakes made by state employees rather than the procedures by which the mistakes were made, there is no deprivation of due process if there were adequate and available state law remedies. Figgs, 829 F.3d at 906-07. The Court of Appeals for the Seventh Circuit has explained that in circumstances such as these, state-court remedies such as the right to seek a writ of mandamus and a cause of action for false imprisonment "are adequate and available remedies for an inmate claiming he was held beyond the term of his incarceration." Id. (citing Toney-El, 777 F.2d at 1228). The court will not allow the plaintiff to proceed on a procedural due process claim.

"Substantive due process protects against arbitrary or wrongful government actions, regardless of the fairness of the procedures used to implement them." Beschorner v. Waggoner, Case No. 18-cv-379, 2018 WL 1071714, at *4 (S.D. Ill. Feb. 26, 2018) (citations and internal quotations omitted). The Supreme Court has instructed that plaintiffs should rely on the substantive protections of the Due Process Clause "only when there is not a particular Amendment that provides an explicit textual source of protection against a particular sort of government behavior." Childress v. Walker, 787

7

F.3d 433, 438 (7th Cir. 2015) (citations and internal quotations omitted). Because the "Eighth Amendment is the primary source of constitutional protection for incarcerated individuals," the court must analyze the plaintiff's complaint under the standards of the Eighth Amendment rather than the substantive protections offered under the Fourteenth Amendment. Id. at 438-39.

The plaintiff fails to state claims against the remaining defendants. The plaintiff names Cathy Jess (Secretary of the DOC) and Judy Smith (Warden at Oshkosh) in the caption of his complaint, but he makes no allegations against them in the body of the complaint. It's likely he named them because of their supervisory roles, but under §1983, individuals must be personally responsible for the alleged constitutional violations in order to be held liable. Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

The court will not allow the plaintiff to proceed against the Wisconsin DOC because it is entitled to sovereign immunity and is immune from suit. See Mayhugh v. State, 364 Wis. 2d 208, 224 (2015). The allegations the plaintiff makes against Judge Bastianelli involve acts that he took, or didn't take, in his capacity as a judge; "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). Judge Bastianelli had jurisdiction over the plaintiff's case, so he is immune from suit. The same is true of AD Trigg. The plaintiff alleges only that Trigg told the court at sentencing that the plaintiff had earned 303 days of credit. In telling the judge how much credit she

8

thought the plaintiff had coming, Trigg was acting in her capacity as a prosecutor, which means that she had "[a]bsolute immunity . . . from liability when performing her duties in the judicial process." Id. (citations omitted). The only allegation the plaintiff makes against Dawn Smith is that she mailed a letter to the plaintiff that informed him of Judge Bastianelli's decision. Smith did not make the decision; she simply conveyed the judge's decision to the plaintiff. Smith did not violate the plaintiff's constitutional rights. Finally, the court will not allow the plaintiff to proceed against Young, his attorney. Section 1983 allows a plaintiff to sue someone for violating his constitutional rights only if that person was acting "under color" of state law. A public defender is not a "state actor" acting under color of state law; she works for her client, not for the state. See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceeding.").

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 3. The plaintiff may pay the $348.83 balance of the filing fee over time. The plaintiff should bring or mail payments, as he is able, to the U.S. District Court, Eastern District of Wisconsin, 517 E. Wisconsin Ave., Rm. 362, Milwaukee, WI 53202.

The court **DISMISSES** defendants David Bastianelli, Emily Trigg, Toni Young, Dawn Smith, Cathy Jess, Judy Smith and the Department of Correction.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** that copies of the plaintiff's complaint and this order will be electronically transmitted to the Wisconsin Department of Justice for service on defendants Brittany Spencer and A. Parentean. The court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court **RETURNS** this case to Magistrate Judge William Duffin for further proceedings.

Dated in Milwaukee, Wisconsin, this 31st day of January, 2019.

**BY THE COURT:**

**_____
HON. PAMELA PEPPER
United States District Judge**