UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW SAWYER,

                Plaintiff,

v.                                      Case No. 18-cv-1843-pp

BRITTANY SPENCER, *et al.*,

                Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 25) AND DISMISSING CASE**

        The court allowed the plaintiff, who is representing himself, to proceed on a claim that the defendants were deliberately indifferent in failing to prevent him from being held past his release date. Dkt. No. 11. On November 8, 2019, the defendants filed a motion for summary judgment. Dkt. No. 25. In its April 2019 scheduling order, the court had ordered that any party wishing to oppose a motion for summary judgment "must file a response **'within 30 days of service of the motion.'**" Dkt. No. 19 at 2. That means that the plaintiff's opposition brief was due sometime around December 8, 2019.

        On November 12, 2019, the court received a motion from the plaintiff, asking for an extension of time to file his response to the summary judgment motion. Dkt. No. 31. Magistrate Judge William Duffin (to whom the court referred the case for the handling of pretrial matters) granted the motion, and gave the plaintiff a deadline of January 8, 2020 by which to file his response. Dkt. No. 32. On January 10, 2020—two days after the deadline Judge Duffin

had set—the court received from the plaintiff another request to extend the deadline. Dkt. No. 33. He indicated that he'd had the flu and bronchitis and had been so sick that he hadn't been able to go to work. Id. Judge Duffin granted that second motion, ordering the plaintiff to file his response by February 10, 2020. Dkt. No. 34. February 10, 2020 would have been about three months after the defendants filed their motion. The court has not received any response from the plaintiff as of the date of this order.

The court notes that it received the plaintiff's complaint on November 21, 2018; at that time, he was incarcerated at Oshkosh Correctional Institution. Dkt. No. 1. The court does not know what date the plaintiff signed the complaint, because he didn't date it. But the Department of Corrections Inmate Locator web site shows that only three days after the court received the complaint, the plaintiff was released on extended supervision. https://appsdoc.wi.gov/lop/detail.do. On January 2, 2019, the court received a letter from the plaintiff, asking the court to "forward" his mail to an address in Kenosha, Wisconsin. Dkt. No. 10. He didn't mention that he'd been released. The court heard nothing further from the plaintiff until Judge Duffin received the first motion for an extension of time on November 12, 2019—almost a year after the plaintiff's release. The plaintiff had three months from the date of the defendants' summary judgment motion to file a response; even accounting for his time out as a result of being sick, that's thirty to forty-five days more than the court's scheduling order gave him. The plaintiff has not asked the court for

any further extensions of the deadline, and the last deadline passed over two weeks ago.

Under Civil Local Rule 7(d) (E.D. Wis.), "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion." Under Civil L. R. 41(c), "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."

The plaintiff's failure to respond to the defendants' summary judgment motion in the three and a half months since it was filed is reason for the court to grant the motion for summary judgment. The plaintiff's failure to respond by February 10 and failure to ask for more time to respond demonstrates that the plaintiff is not diligently prosecuting the case, and justifies dismissal.

The court **GRANTS** the defendants' motion for summary judgment under Civil L. R. 7 based on the plaintiff's failure to oppose it. Dkt. No. 49. The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** under Civil L. R. 41(c) based on the plaintiff's failure to diligently prosecute it.

The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin, this 28th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**